UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| George & Company LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:21-cv-05529 |
| v. | ) |
| | ) |
| U.S.A.opoly, Inc., | ) |
| | ) |
| Defendant, | ) |

## Complaint

Plaintiff George & Company LLC ("Plaintiff" or "George & Company"), by and through its undersigned counsel, hereby brings this Complaint against Defendant U.S.A.opoly, Inc. ("Defendant") and alleges as follows:

### Nature of the Action

1. Plaintiff, a world-renowned game company and the owner and distributor of the award winning LCR® and LCR LEFT! CENTER! RIGHT!® dice game, files this Complaint against Defendant for trademark infringement, federal false designation of origin, passing off, and unfair competition under the Lanham Act, and violation of the Illinois Uniform Deceptive Trade Practices Act.

### Parties

2. Plaintiff George & Company is a limited liability company which is organized under the laws of New York and sells its LCR-branded products throughout the United States, including Illinois.

3. Defendant U.S.A.opoly, Inc., is a Delaware corporation doing business, on information and belief, in all 50 states.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1338 (for claims arising under the Lanham Act).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), and this Court may properly exercise personal jurisdiction over Defendant, because this is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred including, without limitation, Defendant's infringements of Plaintiff's protected trademarks within this judicial district. Defendant is, without authorization, using Plaintiff's trademarks and confusingly similar versions thereof to sell and offer products for sale and soliciting customers in Illinois and this Judicial District, both in physical retail stores and online.

**Plaintiff and its Popular LCR® and LCR LEFT! CENTER! RIGHT!® Dice Games**

6. Plaintiff George & Company is a highly respected, fourth generation family owned business, and the original innovator and maker of the authentic, popular, award-winning LCR® and LCR LEFT! CENTER! RIGHT!® dice game. Plaintiff George & Company alone invented and created this worldwide best-selling game, known and loved by consumers of all ages and walks of life.

7. Plaintiff George & Company's products are well known to the public, iconic and highly recognizable, including the following familiar examples:








8. Plaintiff George & Company has marketed and sold dice, dice games, party games, board games, card games, and/or related entertainment products to the public for more than a century, with the LCR® and LCR LEFT! CENTER! RIGHT!® dice game being its most popular and successful game.

9. Plaintiff George & Company's efforts and accomplishments have made it a well-known and recognized name in the game and related entertainment product industries. George & Company has earned its enviable reputation as a result of its commitment to providing the highest quality goods and products.

10. Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game is distributed and sold throughout the United States and abroad under one or more of George & Company's Marks including LCR® and LCR LEFT! CENTER! RIGHT!®.

11. Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game is a best-selling product, with multiple millions of units of the game having been sold by Plaintiff.

12. Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game has been featured on, among many others, the Today show[1] and the Rachael Ray Show, and televised nationally on the NBC and ABC television networks as well as featured at today.com and rachaelrayshow.com. The well-known TDmonthly Magazine®, a trade magazine for the toy, hobby, game and gift industry, has listed George & Company's game as one of the "Top 10 Most Wanted Games," the Today Show featured the game and retailers often identify George & Company's dice game as their "No. 1" and "biggest" seller.

13. As a result of Plaintiff George & Company's unceasing and wildly successful efforts, the LCR® and LCR LEFT! CENTER! RIGHT!® dice game has been known and loved throughout the

---

[1] https://www.today.com/home/game-ideas-kids-adults-teens-family-game-night-t118566, last accessed October 18, 2021

world for decades, by people of all ages. For over a century, George & Company is and has been a highly respected and family owned business, having invented, created, manufactured, launched and continuously supplied one of the most successful games in history. George & Company has done this all within the same, longstanding, family business which dedicates itself to this high quality and original and authentic game.

14. As a result of decades of hard work and dedication, Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® original and authentic dice game has become a classic.

15. George & Company's high-quality game remains today, as it has always been, the one and only original authentic LCR® and LCR LEFT! CENTER! RIGHT!® dice game.

### Plaintiff's Trademark Rights

16. George & Company LLC is the owner of all right, title and interest in and to, *inter alia*, the trademarks set forth below:

| Reg. No. | Trademark | Goods |
|---|---|---|
| 2,802,321 | [LCR logo with dice] | IC 28 Dice games; party games; and board games featuring specially marked dice and chips |
| 2,989,658 | LCR | IC 28 Dice games, party games and board games featuring specially marked dice and chips |
| 3,854,443 | PLAY LCR WITH CHIPS OR WHATEVER MAKES IT FUN FOR YOU | IC 28 Dice games; party games; and board games featuring specially marked dice and chips |
| 3,922,749 | PLAY LCR WITH CHIPS OR WHATEVER MAKES IT FUN FOR YOU | IC 28 Dice games; party games; board games, dice games, games with chips, and card games for multiple players; card games, and board games featuring specially marked dice and chips |
| 4,201,291 | [LCR tube/container image] | IC 28 Dice games, party games and board games featuring specially marked dice and chips; playing cards; playing cards and card games; card games; equipment sold as a unit for playing card games; hand held units for playing |

| | | | |
|---|---|---|---|
| | | | electronic games other than those adapted for use with an external display screen or monitor |
| 4,229,002 | | [LCR dice tubes image] | IC 28 Dice games, party games and board games featuring specially marked dice and chips; playing cards; playing cards and card games; card games; equipment sold as a unit for playing card games |
| 4,419,874 | | LCR WILD | IC 28 Dice games, party games and board games featuring specially marked dice and chips [ ; playing cards; playing cards and card games; card games; equipment sold as a unit for playing card games ] |
| 4,519,607 | | LEFT, CENTER, OR RIGHT – DON'T LOSE YOUR CHIPS! | IC 28 Dice games, party games and board games featuring specially marked dice and chips |
| 4,519,608 | | [LCR dice logo image] | IC 28 Dice games, party games and board games featuring specially marked dice and chips |

(hereinafter, collectively referred to as the "LCR Marks"), all with longstanding and prior use, covering a variety of goods and services, including without limitation dice games, party games and board games featuring specially marked dice and chips, and many related goods and services. True and correct copies of the registration certificates of the LCR Marks are attached hereto as **Exhibit A**.

17. The LCR Marks are well-known to the public, legally valid, and subsisting, and owned exclusively by Plaintiff.

18. Plaintiff George & Company's dice game has been widely advertised and extensively offered for sale under the LCR Marks. As a result of George & Company's widespread and extensive use of the LCR Marks, and the public's widespread and favorable acceptance and recognition of them, the LCR Marks have become assets of substantial value as a symbol of George & Company, its quality goods, goodwill, and reputation.

19. Plaintiff George & Company enjoys considerable success and an enviable reputation in its industry and trade due in large part to its use of, and rights in, the LCR Marks.

20. Plaintiff George & Company has invested significant resources advertising and promoting its dice game using the LCR Marks in order to achieve the success it now enjoys. As a result of George & Company's investment, the LCR Marks have become synonymous with high-quality goods in its industry and related fields. George & Company's dice games have become well known and is in great demand throughout the U.S. and the world.

21. Plaintiff George & Company's Marks have been extensively and continuously advertised and promoted to the public through various means, including, but not limited to, appearances at toy shows, displays in retail stores, and on the internet. Further, George & Company's dice game has received widespread, unsolicited, consumer and industry recognition and acclaim.

22. As a result of such advertising and attention, the public has come to recognize Plaintiff George & Company's dice game bearing the LCR Marks as originating solely from George & Company.

### Defendant's Infringing Acts

23. Defendant offers for wholesale and retail purchase through its website various board, dice, and party games. On information and belief, most products Defendant offers are licensed under various film and television properties such as Marvel, Harry Potters, and The Simpsons.

24. Defendant is not a licensee of any of Plaintiff's trademarks, copyrights, or other intellectual property rights and Defendant does not source any products from Plaintiff.

25. Defendant offers to sell and has sold into this Judicial District a Batman-themed dice game using, without authorization, Plaintiff's LCR® Mark(s), and/or confusingly similar variations, in the product listing, on the product packaging, and on the product receipt. A true and correct copy of screenshots of Defendant's Batman-themed infringing product and photographs of a test purchase confirming its infringing character - including the use of LCR on the backside of

the product packaging and in the deliberate arrangement of the dice themselves - is attached hereto as **Exhibit B**.

26. Defendant also offers to sell and has sold into this Judicial District an Elf movie-themed dice game using, without authorization, Plaintiff's LCR® Mark(s), and/or confusingly similar variations, in the product listing content and meta data, on the product packaging, and on the product receipt. A true and correct copy of screenshots of Defendant's Elf movie-themed infringing product and photographs of a test purchase confirming its infringing character - including the use of LCR on the backside of the product packaging and in the deliberate arrangement of the dice themselves - is attached hereto as **Exhibit C**.

27. Defendant also offers to sell and has sold into this Judicial District a Friends television show-themed dice game using, without authorization, Plaintiff's LCR® Mark(s), and/or confusingly similar variations, in the product listing content and meta data, on the product packaging, and on the product receipt. A true and correct copy of screenshots of Defendant's Friends television show-themed infringing product and photographs of a test purchase confirming its infringing character - including the use of LCR on the backside of the product packaging and in the deliberate arrangement of the dice themselves - is attached hereto as **Exhibit D**.

28. Defendant also offers to sell and has sold into this Judicial District a Seinfeld television show-themed dice game using, without authorization, Plaintiff's LCR® Mark(s), and/or confusingly similar variations, in the product listing content and meta data, on the product packaging, and on the product receipt. A true and correct copy of screenshots of Defendant's Seinfeld television show-themed infringing product and photographs of a test purchase confirming its infringing character - including the use of LCR on the backside of the product packaging and in the deliberate arrangement of the dice themselves - is attached hereto as **Exhibit E**.

29. Defendant also offers to sell and has sold into this Judicial District a Rick and Morty television show-themed dice game using, without authorization, Plaintiff's LCR® mark(s), and/or confusingly similar variations, in the product listing content and meta data, on the product packaging, and on the product receipt. A true and correct copy of screenshots of Defendant's Rick and Morty television show-themed infringing product and photographs of a test purchase confirming its infringing character - including the use of LCR on the backside of the product packaging and in the deliberate arrangement of the dice themselves - is attached hereto as **Exhibit F**.

30. Defendant also offers to sell and has sold into this Judicial District a Disney Time Burton's The Nightmare Before Christmas movie-themed dice game using, without authorization, Plaintiff's LCR® mark(s), and/or confusingly similar variations, in the product listing content and meta data, on the product packaging, and on the product receipt. A true and correct copy of screenshots of Defendant's Disney Time Burton's The Nightmare Before Christmas movie-themed infringing product being offered online is attached hereto as **Exhibit G**.

31. Defendant's dice games identified herein (the "Infringing Products") are not licensed by Plaintiff to use and bear any of Plaintiff's LCR Marks.

32. Defendant's acts as set forth herein are likely to cause, and do cause, confusion, mistake, and deception as to the source or origin of Plaintiff's goods with Defendant's, their activities, and their goods, and is likely to falsely suggest, and has already falsely suggested, a sponsorship, connection, license, or association between Plaintiff and Defendant. This confusion, mistake, and deception will immediately and irreparably injure and tarnish the goodwill and reputation that Plaintiff has diligently labored to establish in its goods and business.

33. Defendant's activities have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff and its rights, including, but not limited to, injuring its business reputation and the distinctive quality of the LCR Marks.

34. Defendant's unauthorized acts are designed to divert, and will have the result of diverting, customers from Plaintiff to Defendant.

35. Defendant has been unjustly enriched as a result of their unauthorized use of the LCR Marks.

36. Defendant's activities have caused and, if not enjoined, will continue to cause irreparable harm to the public, who has an interest in being free from confusion, mistake, and deception.

37. Defendant's infringement of Plaintiff's LCR Marks is willful, and Defendant publicly acknowledges that the dice game it offers, created by Plaintiff and improperly using Plaintiff's LCR Marks or confusingly similar or counterfeit versions thereof, is well-known.[2]

38. Plaintiff has no adequate remedy at law.

### Count I - Trademark Infringement and Counterfeiting, 15 U.S.C. §§ 1114, 1116(d)

39. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

40. Plaintiff's trademark infringement claims against Defendant are based on Defendant's unauthorized use in commerce of counterfeit imitations of the federally-registered LCR Marks in connection with the advertising, distribution, offering for sale, and sale of infringing goods, including the Infringing Products.

41. The LCR Marks are distinctive marks, and consumers have come to expect superior quality from products advertised, distributed, offered, or sold under the LCR Marks.

---

[2] https://theop.games/2021/07/officially-licensed-left-right-center-games-available-now/, last accessed October 18, 2021

42. Defendant has advertised, distributed, offered to sell, sold, and are still advertising, distributing, offering to sell, and selling products using counterfeit reproductions of the LCR Marks, including the Infringing Products, without Plaintiff's permission.

43. Plaintiff is the exclusive owner of the LCR Marks. Plaintiff's registrations for the LCR Marks are in full force and effect.

44. Upon information and belief, Defendant is aware and has knowledge of Plaintiff's rights in the LCR Marks and are willfully infringing and intentionally using the LCR Marks to market and sell the Infringing Products.

45. Defendant's willful, intentional, and unauthorized use of the LCR Marks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the general public.

46. Defendant's activities constitute willful trademark infringement under 15 U.S.C. § 1114.

47. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known LCR Marks if Defendant's actions are not enjoined.

48. Defendant's wrongful advertisement, offering to sell, and sale of the Infringing Products has directly and proximately caused injuries and damage to Plaintiff.

## Count II - False Designation of Origin, Passing Off, and Unfair Competition, 15 U.S.C. § 1125(a)

49. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

50. The LCR Marks are distinctive trademarks.

51. Defendant's advertising, distribution, offering for sale, and sale of the Infringing Products using the LCR Marks has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, and/or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff.

52. By using the LCR Marks in association with the advertising, distribution, offering for sale, and sale of the Infringing Products, Defendant creates a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Infringing Products.

53. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the willful use of spurious marks and is a willful violation of 15 U.S.C. § 1125.

54. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known LCR Marks if Defendant's actions are not enjoined.

## Prayer for Relief

**WHEREFORE**, Plaintiff, George & Company LLC, prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the LCR Marks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine LCR product or is not authorized by Plaintiff to be sold in connection with the LCR Marks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine LCR product or any other product produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the LCR Marks;

    c. committing any acts calculated to cause consumers to believe that Defendant's Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the LCR Marks and damaging Plaintiff's goodwill;

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the LCR Marks, or any reproductions, counterfeit copies, or colorable imitations thereof;

    f. using, linking to, transferring, selling, exercising control over, or otherwise owning a business that is being used to sell products or inventory not authorized by Plaintiff which bear the LCR Marks;

    g. operating, facilitating and/or hosting websites which are involved with the distribution, marketing, advertising, offering for sale, or sell products or inventory not authorized by Plaintiff which bear the LCR Marks;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, eBay, Wish, Walmart, Joom, Vova, Alibaba and AliExpress, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods using the LCR Marks;

    b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods using without authorization the LCR Marks;

3) That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the LCR Marks be increased by a sum not exceeding three times the amount thereof pursuant to 15 U.S.C. § 1117(a);

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for the unauthorized use of each LCR Mark for each registered good or service;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs as available pursuant to 15 U.S.C. § 1117, and other applicable law; and

6) Award any and all other relief that this Court deems just and proper.

Dated: October 18, 2021

        Respectfully submitted,

        /s/Adam E. Urbanczyk
        AU LLC
        564 W. Randolph St. 2nd Floor
        Chicago, IL 60661
        adamu@au-llc.com
        Ph. (312) 715-7312
        Fax (312) 646-2501

        *Counsel for Plaintiff George & Company LLC*